IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SANTOS YANETH CLAROS SOLIS,<br>*Petitioner*,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>*Respondents*. | 1:26-cv-02768-MSN-WEF |

**ORDER**

This matter comes before the Court on Santos Yaneth Claros Solis's ("Petitioner") Petition for Writ of Habeas Corpus (ECF 1) in which she challenges the lawfulness of her detention by the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). Petitioner, a citizen of El Salvador, is currently detained at the Caroline Detention Facility.

Petitioner first entered the United States without inspection in October 2016 and was removed from the United States the next month. Petitioner illegally returned to the United States on January 22, 2017 and was detained by immigration officials. Petitioner received a Reinstatement of Removal Order. ICE released Petitioner on an Order of Supervision ("OSUP") on January 24, 2017. On August 24, 2026, however, ICE officers arrested Petitioner when she appeared for her scheduled ICE check-in. Petitioner has been detained ever since.

Petitioner contends that the revocation of her OSUP constitutes a violation of regulations and the *Accardi* doctrine. For the reasons that follow, the Court will **GRANT** her Petition.

## I. BACKGROUND

Petitioner is citizen of El Salvador. ECF 1 ¶ 1. She first entered the United States without inspection in October 2016. *Id.* ¶ 13; ECF 4-3 ¶ 6. Petitioner was placed in Expedited Removal Proceedings, received a Form I-860 Notice and Order of Expedited Removal, and was ordered removed on October 22, 2016. ECF 4-3 ¶ 6. She was removed from the United States on November 1, 2016. *Id.*; ECF 1-1. On or about January 22, 2017, Petitioner unlawfully re-entered the United

States, and Respondents reinstated her removal order. ECF 1 ¶ 13; ECF 1-1. Petitioner claimed she feared returning to El Salvador. ECF 4-3 ¶ 7. She was released from detention on an Order of Supervision (OSUP) on January 24, 2017 "[b]ecause [DHS] has not effected your deportation or removal during the period prescribed by law." ECF 1-2 at 1; ECF 4-3 ¶ 8. The field officer who signed Petitioner's OSUP also noted Petitioner was released on OSUP due to "lack of space" and recommended "[alternative to detention] on Parent in this family unit." ECF 1-2 at 2. On August 24, 2026, when Petitioner appeared for her scheduled ICE check-in in Manassas, Virginia, she was detained. ECF 1 ¶ 15; ECF 4-3 ¶ 9-10. She received a Form 71-091, Notification of Revocation of Release. ECF 4-3 ¶ 11. The Notice of Revocation stated that ICE was revoking Petitioner's OSUP because "[t]he purposes of release have been served" and "[i]t is appropriate to enforce the removal order entered against [her]." ECF 4-2 at 2. The Notice indicated that ICE is seeking travel documents to remove her to El Salvador. *Id.*

Petitioner has not been convicted of any crimes or violated the terms of her OSUP. *Id.* ¶ 19. Petitioner's "Personal Report Record" on her OSUP indicates she appeared for regular appointments with an immigration officer since 2019. ECF 1-2 at 2.

Petitioner is currently detained at Caroline Detention Facility, ECF 1 ¶ 16. On August 25, 2026, Petitioner filed the present Petition. ECF 1.

## II. DISCUSSION

Petitioner argues that the revocation of her Order of Supervision violates 8 C.F.R. § 241.4, and the *Accardi* doctrine, which requires an agency to follow the procedural safeguards established by its own regulations. *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999). An agency's failure to follow those regulations "may result in the invalidation of the ultimate administrative determination." *Id.* Ordinarily, an agency's failure to follow its regulations will only render its determination invalid if an individual can demonstrate that they were prejudiced by the deviation.

*Id.* at 267. Prejudice, however, may be presumed where "compliance with the regulation is mandated by the Constitution and where an entire procedural framework, designed to insure the fair processing of an action affecting an individual is created but then not followed by an agency." *Santamaria Orellana v. Baker*, No. 25-cv-1788-TDC, 2025 WL 2444087, at *5 (D. Md. Aug. 25, 2025) (internal quotation marks omitted).

The Immigration and Nationality Act's regulations create two different types of release following an order of removal. Under 8 C.F.R. § 241.4, "DHS may release a[] [noncitizen] under an order of supervision if it determines that the [noncitizen] would not pose a danger to the public or a risk of flight, without regard to the likelihood of the [noncitizen's] removal in the reasonably foreseeable future." *Garcia-Rivera v. Noem*, No. 1:26-CV-229-MSN-WBP, 2026 WL 1244545, at *2 n.3 (E.D. Va. Mar. 2, 2026) (quoting *Phommachak v. Wesling*, No. 25-13894-BEM, 2026 WL 157491, at *4 (D. Mass. Jan. 20, 2026)). Alternatively, DHS may release a noncitizen under 8 C.F.R. § 241.13 "based on a determination that there is no significant likelihood of removal to the country to which [the noncitizen] was ordered removed, or to a third country, in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *2 n.3 (internal quotation marks omitted).

"The procedures required to revoke each of these forms of release are different." *Phommachak v. Wesling*, 816 F. Supp. 3d 201, 208 (D. Mass. 2026). An order of release under section 241.4 may be revoked where (1) the purposes of release have been served, (2) an individual violates her conditions of release, (3) it is appropriate to enforce a removal order, or (4) DHS determines that revocation is in the public interest. 8 C.F.R. § 241.4(*l*)(2). By contrast, DHS may only revoke release that was ordered under § 241.13 if it makes "(1) an individualized determination (2) by [DHS] that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.'" *Phommachak*, 816 F. Supp. 3d at 208

(quoting *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023)). "When § 241.13(i) governs revocation, the procedures outlined for revocation under § 241.4(1) do not apply." *Garcia-Rivera*, 2026 WL 1244545, at *2 n.3.

Here, Respondents purported to revoke Petitioner's OSUP under 8 C.F.R. § 241.4(*l*)(2), on the grounds that the "purposes of [her] release" had been served. ECF 1-2, at 1, 2. The text of Petitioner's OSUP, however, strongly suggests that Petitioner was ordered released under 8 C.F.R. § 241.13. ECF 9-1. Her OSUP states that DHS ordered Petitioner's release on supervision "[b]ecause the agency has not effected [her] deportation or removal during the period prescribed by law." *Id.* at 1. This text matches § 241.13, which states that DHS shall release individuals "who are subject to a final order of removal and are detained . . . after the expiration of the removal period, where the [noncitizen] has provided good reason to believe there is no significant likelihood of [her] removal . . . in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). In contrast, to release Petitioner under § 241.4, DHS would have had to conclude that travel documents were not available, Petitioner did not pose a risk to safety or flight, and was not likely to violate the conditions of her release. 8 C.F.R. § 241.4(e). None of these findings appear on the face of Petitioner's OSUP; therefore, the Court concludes that § 241.13—not § 241.4—governs Petitioner's OSUP and the revocation of her release.

Applying § 241.13, the Court concludes that Respondents did not properly revoke Petitioner's OSUP. Under § 241.13, it is Respondents who bear the burden to prove that circumstances have changed and that Petitioner's removal has become "significantly likely in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *3 (quoting *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 150 (D. Mass. 2025)). Respondents have not come close to meeting that burden. There is simply nothing in the record to show that Petitioner's removal is likely beyond a statement Respondent's Declarant that "Pending the results of the reasonable fear review and

absent the underlying habeas petition, ICE is able to resume efforts to remove Petitioner to El Salvador," ECF 4-3 ¶ 13; *see also* ECF 4-2. Respondents' showing is "plainly inadequate to establish a changed circumstance, let alone one that suggests removal has become significantly likely in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *3; *see also Rojas Toj*, 2026 WL 1458900, at *5 (concluding same).

Because Respondents have failed to follow § 241.13 in revoking Petitioner's OSUP and detaining her, and because that regulation was promulgated to protect Petitioner's right to due process, Petitioner's current detention is unlawful, and she is entitled to immediate release. *Garcia-Rivera*, 2026 WL 1244545, at *3; *see also Sokpa-Anku v. Mullin*, 1:26-cv-01504 (AJT/LRV), 2026 WL 1878709, at *3 (E.D. Va. June 29, 2026) ("In habeas cases where ICE revoked an OSUP in contravention of binding regulations, this Court has consistently vacated ICE's revocation of the OSUP and ordered the Petitioner's immediate release from custody.").

Even if Section 241.4 governed Petitioner's case, as the parties contend, the revocation of Petitioner's OSUP would still be deficient. Here, along with stating that Petitioner's OSUP was revoked on the grounds that the "purposes of [her] release" had been served and it was "appropriate to enforce the removal order against [her]," the Notice of Revocation of Release states "revocation is in the public interest," and "circumstances do not reasonably permit referral to the Executive Associate Director of ERO." ECF 4-2 at 2. The Notice of Revocation of Release is signed by Assistant Field Office Director Cynthia M. Alcocer. *Id.* Alcocer is a Field Office Director, not an Executive Associate Commissioner, and therefore did not have the authority to revoke Petitioner's Order of Supervision. *See* 8 C.F.R. § 241.4(l)(2) ("The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section."). A district director may revoke release only if they determined that it was in the public interest or that

circumstances did not reasonably permit referral of the case to the Executive Associate Commissioner. *Id.* No finding was provided as to why circumstances did not reasonably permit referral of the case to the Executive Associate Commissioner or why revocation of the order of supervision serves the public interest, as required by 8 C.F.R. § 241.4(*l*)(2). ECF 4-2 at 2. This alone would entitle Petitioner to immediate release. This explanation is deficient because "[n]o finding was provided as to why revocation of the order of supervision serves the public interest, or why circumstances did not reasonably permit referral of the case to the Executive Associate Commissioner, as required by 8 C.F.R. § 241.4(l)(2)." *Serpas v. Simon*, No. 1:25-cv-02369-AJT-WBP, 2026 WL 1244544, at *5 (E.D. Va. Feb. 3, 2026); *Reyes Torres v. Mullin*, No. 1:26-CV-1455-LMB-LRV, 2026 WL 1970960, at *4 (E.D. Va. July 8, 2026); *see Torres v. Rosa*, No. 2:26-cv-00245-AWA-LRL, 2026 WL 1839065, at *13 (E.D. Va. May 29, 2026), *report and recommendation adopted*, 2026 WL 1836457 (E.D. Va. June 25, 2026); *Hernandez Mendez v. Mullin*, No. 1:26-cv-1881-AJT-LRV, 2026 WL 2255877, at *3 (E.D. Va. Aug. 4, 2026).[1]

Respondents contend that "there is always a public interest in prompt execution of removal orders," ECF 4 at 6-7 (citing *Nken v. Holder*, 556 U.S. 418, 436 (2009)), but Respondents fail to explain why those interests would not be adequately protected by the relief Plaintiff seeks. This Court has found that release on bond pursuant to an immigration judge's determination does not prevent the government from proceeding with removal at the appropriate time. *Ortega Miranda v. Bondi*, No. 3:25-cv-769-DJN, 2026 WL 287179, at *12 (E.D. Va. Feb. 3, 2026); *Lopez v. Noem*, No. 2:25-cv-764-EWH-DEM, 2026 WL 567653, at *6 (E.D. Va. Feb. 12, 2026), *report*

---

[1] Under Section 241.4(l)(1), a noncitizen must be "afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." Although the Declaration of Acting Assistant Field Office Director Justin Richardson submitted by Respondents state that Petitioner received an informal interview, ECF 4-3 ¶ 11, the OSUP revocation order did not include a "Notice of Informal Interview" date, and Petitioner claims she never received an interview the parties are in dispute as to whether that interview took place. *See* ECF 1 ¶ 15; ECF 4-2 at 3. Given this discrepancy, the Court makes no factual findings as to whether Petitioner received her prompt informal interview as required by 8 C.F.R. § 241.4(l)(1).

*and recommendation adopted*, 2026 WL 565806 (E.D. Va. Feb. 27, 2026) Federal Respondents' failure to follow 8 C.F.R. § 241.4(*l*)(1) would also render Petitioner's current detention unlawful and entitles her to immediate release. *See Vera Briones v. Mullin*, 1:26-cv-00994-MSN-WBP, ECF 5 at 6 (E.D. Va. Apr. 22, 2026) ("[T]he proper remedy for an Accardi violation is a petitioner's release"); *see also Sokpa-Anku v. Mullin*, 1:26-cv-01504-AJT-LRV, 2026 WL 1878709, at *3 (E.D. Va. June 29, 2026) ("In habeas cases where ICE revoked an OSUP in contravention of binding regulations, this Court has consistently vacated ICE's revocation of the OSUP and ordered the Petitioner's immediate release from custody.").

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Petition (ECF 1) is GRANTED; it is further

ORDERED that Federal Respondents immediately release Petitioner with all her personal property; it is further

ORDERED that Petitioner's Order of Supervision is RESTORED immediately and may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.13; and it is further

ORDERED Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are ENJOINED from re-detaining Petitioner based on a revocation of her Order of Supervision without first complying in all respects with the applicable regulations concerning the revocation of her Order of Supervision, as identified herein, including, without limitation, stating in the Notice the specific factual basis for any claim of "change in circumstances," and if the stated change in circumstances relates to a significant likelihood of removal in the reasonably foreseeable future, the factual basis for that claimed change, including what efforts have been made to locate a country for removal, the name

of the country to which Petitioner will be removed and the authorizations received from that country for that removal.

All other claims and forms of relief requested in the Petition are denied without prejudice.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

September 4, 2026
Alexandria, Virginia